IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMILCAR BUTLER                                                                                          PLAINTIFF

VS.                                                                           CIVIL ACTION NO. 3:18cv452-DPJ-FKB

WARDEN C. RIVERS                                                                                     DEFENDANT

## REPORT AND RECOMMENDATION

This is an action brought by a federal prisoner incarcerated at the Federal Correctional Institution Yazoo City Low.  In his complaint, Amilcar Butler alleges that officers at the prison confiscated his legal materials.  He seeks a writ of mandamus pursuant to 28 U.S.C. § 1361 and injunctive relief ordering the return of the materials. Presently before the Court is Defendant's motion for summary judgment, in which he argues that Butler has failed to exhaust his available administrative remedies.

The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil action about prison conditions first exhaust available administrative remedies.  *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998).  The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary.  *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012). Furthermore, the exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Thus, however Plaintiff's action is characterized, *i.e.*, whether for a writ of mandamus pursuant to 28 U.S.C. § 1361, as a *Bivens* action, or an action pursuant any other federal law, the exhaustion requirement applies to his claims.

In support of his motion, Defendant has submitted the declaration of Stanley Anderson, the Federal Bureau of Prisons employee responsible for processing administrative remedy requests at the prison, along with a copy of Butler's administrative-remedies history for the relevant time period. [23-1] and [23-2]. These documents establish that of the numerous grievances filed by Butler, none have concerned the confiscation or withholding of legal materials.

In his response to the motion, Plaintiff does not dispute that he failed to exhaust with regard to his claims. Rather, he argues that compliance with the exhaustion requirement should be excused because employees at the prison have impeded the administrative remedy process and have refused to provide responses to his grievances. However, he gives no details as to how, or even whether, these alleged actions prevented Plaintiff from properly exhausting the specific claims asserted in this case. It is true that inmates are required only to exhaust remedies that are "available" to them. *Davis v. Fernandez*, 798 F.3d 290, 294 (5th Cir. 2015). But Butler's vague reference to problems with the process falls short of establishing that an administrative remedy was not available.

Because Defendant's uncontroverted evidence establishes that Plaintiff failed to exhaust his administrative remedies, the undersigned recommends that the motion be granted and the complaint dismissed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and

recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 25th day of September, 2019.

                                                s/ F. Keith Ball
                                                United States Magistrate Judge