UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMILCAR BUTLER                                                    PETITIONER

VS.                                            CIVIL ACTION NO. 3:18-CV-452-DPJ-FKB

WARDEN C. RIVERS                                               RESPONDENT

ORDER

This matter is before the Court on the Report and Recommendation [28] of
United States Magistrate Judge F. Keith Ball. Judge Ball recommended granting
Respondent's Motion for Summary Judgment [23] for failure to exhaust
administrative remedies. Petitioner Amilcar Butler filed an Objection [29], and
Respondent Rivers announced his intention not to respond [30].

I.      Factual Background

Butler is incarcerated at the Federal Correctional Institution Yazoo City Low.
He says that three officers at the prison confiscated his "legal document's [sic] and
supplies" under the supervision of Warden C. Rivers in August 2017 and again in
June 2018. Pet. [1] at 1; *see id.* at 2 n.1. Butler asserts that "[w]ithout these legal
document's [sic] and supplies [he] is unable to meet his legal obligations in the U.S.
Supreme Court and Sixth Circuit in July 2018." *Id.*[1] He also claims that he has
been subjected to retaliation by prison officials in the past when he sought to
exercise his rights through the Administrative Remedy Process (ARP). *Id.* at 2–3.

---

[1] The documents attached to the petition suggest that Butler's appeal stems from
his criminal conviction in another circuit. Apr. 17, 2018 Letter [1-1] at 3
(identifying the originating case as 3:02-CR-00097-1).

Butler filed the instant petition for writ of mandamus pursuant to 28 U.S.C. § 1361, asking the Court to "compel the respondent to return all of his legal document's [sic] and supplies so he can be punctual in meeting his legal obligations with the U.S. Supreme Court and United State Court of Appeal for the Sixth Circuit." *Id.* at 3. Rivers responded by seeking summary judgment for failure to exhaust administrative remedies. Butler counters that exhaustion was not an available remedy.

II.  Analysis

Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), an inmate must exhaust administrative remedies before bringing a civil action about prison conditions. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The requirement is mandatory and non-discretionary. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012).

In his motion, Rivers explains the four-step ARP in place at the Bureau of Prisons (BOP). Under that process, an inmate completes a BP-8 form seeking informal resolution and, if unsuccessful, then submits a formal request to the warden using a BP-9 form. If dissatisfied, he can file a BP-10 form with the regional director. And finally, he may appeal that decision to BOP's general counsel using a BP-11 form. The BP-9 form prompts BOP to generate a Remedy ID. And

the ARP History Report reflects the highest level that handled the request (F-facility, R-regional, A-general counsel).

Butler never followed this process for the claim he asserts in this case—alleged confiscation of his legal materials. Anderson Decl. [23-1] ¶ 15; *see also* ARP History [23-2] at 1–8 (containing brief abstract of substance of other complaints). So when Rivers raised Butler's failure to exhaust in his summary-judgment motion, Butler claimed futility, describing the ARP as "obsolete" and claiming that officers "impeded the administrative remedy process as it pertains to [him] perhaps because he came straight to a Low security institution from the United States Penitentiary." Resp. [27] at 4. He further argued that officers would "refuse" to provide an informal resolution response to a BP-8 form (step one) or would "make sure" the subsequent formal request (BP-9 form) was rejected (step two). *Id.*; *see* Def.'s Mem. at 4–5 (describing the four steps).

Faced with this generic and conclusory response, Judge Ball held:

> [Butler] argues that compliance with the exhaustion requirement should be excused because employees at the prison have impeded the administrative remedy process and have refused to provide responses to his grievances. However, he gives no details as to how, or even whether, these alleged actions prevented Plaintiff from properly exhausting the specific claims asserted in this case. It is true that inmates are required only to exhaust remedies that are "available" to them. *Davis v. Fernandez*, 798 F.3d 290, 294 (5th Cir. 2015). But Butler's vague reference to problems with the process falls short of establishing that an administrative remedy was not available.

R&R [28] at 2.

But Butler has now come forward with additional details regarding his inability to exhaust his administrative remedies. Obj. [29] at 3. He claims that all

grievances in his unit (Alpha Three) must first go through Counselor J. Jefferson,

who obstructs, or at minimum hinders, the process. *Id.* Butler says,

> When Counsel[or] J. Jefferson knows that a complaint is against him
> and/or any member of the Unit Team he impedes the process, which
> made pursuing the grievance remedy to conclusion null and void.
> More importantly, when attempting to informally resolve matters
> through a BP-8, it's not providing a Remedy number and the counselor
> can impede further progress with any claims against him and the Unit
> Team, which is what he did in the instant matter. A prisoner can
> obtain a BP-9 from the counselor and appeal his unsuccessful attempt
> to informally resolve his issue(s) through the BP-8, which will in turn
> be attached a Remedy No. if delivery to the business office by the
> counselor and not rejected. However, if a prisoner housed in Alpha
> Three files a specific grievance against Counselor J. Jefferson, he will
> sabotage it, because you have to turn it back in to him. This is exactly
> the case in the instant matter, which caused the Secured Party to seek
> immediate relief in this court.

*Id.* A review of Butler's petition confirms that he identified Counselor J. Jefferson

as one of the three officers who confiscated his materials. Pet. [1] at 1.[2]

As Judge Ball noted, prisoners are required to exhaust only those

administrative remedies that are actually "available" to them. *Davis*, 798 F.3d at

294.

> An administrative remedy may be unavailable if (1) despite what
> regulations or materials may promise, prison officials are "unable or

---

[2] Butler should have presented this information when he first responded to River's summary-judgment motion. *See Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) (noting duty to put "best foot forward" before Magistrate Judge) (citation omitted)). But 28 U.S.C. § 636(b)(1) states that when reviewing a report and recommendation, the district court "may also receive further evidence." Thus, the court "need not reject newly[ ] proffered evidence simply because it was not presented to the magistrate judge." *Freeman v. Cty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998). Moreover, Rivers has not asked the Court to reject Butler's new evidence and has instead declined response. *See* Notice [30] (informing Court that Respondent had no objection to R&R and no response to Butler's Objection). Under these circumstances, the Court will consider Butler's new evidence.

consistently unwilling to provide any relief to aggrieved inmates," (2) "an administrative scheme [is] so opaque that it becomes, practically speaking, incapable of use" by an ordinary prisoner, or (3) prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Brantner v. Freestone Cty. Sheriffs Office*, 776 F. App'x 829, 833 (5th Cir. 2019) (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016) (alteration in *Brantner*)). In his sworn Objection, Butler suggests that he attempted to complain about the confiscation of his materials by Counselor J. Johnson and others, but Johnson "impede[d] further progress." Obj. [29] at 3; *see Ross*, 136 S. Ct. at 1859 ("[A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates."). And because Rivers declined response, Butler's assertion stands unrebutted.[3]

Construing all facts and inferences in the light most favorable to Butler, the nonmoving party, summary judgment is premature.

III.    Conclusion

For the reasons stated, the Court finds the Report and Recommendation [28] should not be adopted as the opinion of the Court and Respondent's motion for summary judgment [23] should be denied, without prejudice to refiling.

---

[3] The Court recognizes that the record reflects Butler initiated 13 ARPs in the relevant time period, so he clearly was able to proceed in some instances. But he claims Johnson impeded ARPs that accused him of wrongdoing, and the brief factual abstract provided in the ARP History is insufficient to draw any conclusion on this issue.

**SO ORDERED AND ADJUDGED** this the 6th day of January, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE