IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMILCAR BUTLER                                                                                   PETITIONER

VS.                                                            CIVIL ACTION NO. 3:18cv452-DPJ-FKB

WARDEN C. RIVERS                                                                            RESPONDENT

## **REPORT AND RECOMMENDATION**

Amilcar Butler, a federal prisoner at the Federal Correctional Institution-Yazoo City Low, filed this petition for a writ of mandamus pursuant 28 US.C. § 1361 and for injunctive relief seeking return of confiscated legal materials. Respondent has filed a motion to dismiss [33], to which Petitioner has responded [37]. Also pending is Butler's motion for a preliminary injunction [43]. The undersigned recommends that the petition and Butler's motion for injunctive relief be denied.

Butler alleges that on June 19, 2018, three prison officials confiscated his legal documents and supplies. At the time, Butler was prosecuting three legal proceedings: Two petitions for writs of certiorari in the United States Supreme Court, and an appeal in the Sixth Circuit Court of Appeals.[1] Butler maintained in his petition that he needed his documents and supplies for his filings in these actions. Nowhere in his petition nor in his subsequent filings has he given further details as to what was confiscated or why the confiscated items were necessary for him to file what he needed to file in any legal

---

[1] *Amilcar C. Butler v. United States*, No. 18-5992 in the United States Supreme Court, involved a motion for a sentence reduction. *Amilcar C. Butler v. United States*, No. 18-8647 in the United States Supreme Court, involved a civil forfeiture judgment. In *United States v. Butler*, No. 18-5374 in the Court of Appeals for the Sixth Circuit, Butler appealed a district court decision correcting a clerical error in a criminal judgment.

proceeding. Furthermore, as Respondent has documented in his exhibits to the motion, Butler never sought any extensions in these actions on the basis of lack of access to necessary materials.

All of the legal proceedings originally identified by Butler in his petition have now concluded. His two petitions for certiorari were denied on October 15, 2018, and April 29. 2019. The Sixth Circuit Court of Appeals denied his appeal on September 1, 2018, and his petition with the Supreme Court for a writ of certiorari in that case was denied on May 20, 2019. In his motion, Respondent argues, *inter alia*, that Butler's claims are moot. In response, Butler states that he has a new case in the Sixth Circuit for which he needs his documents. However, Butler gives no further information. This allegation is too vague to state a claim for any kind of relief and does not save his otherwise moot petition. Accordingly, the undersigned agrees that Butler's requests for mandamus and injunctive relief are subject to dismissal.

In his response, Butler contends that he also seeks money damages pursuant to *Bivens*.[2] This is the first mention Butler has made of the possibility of money damages, and he has never sought to amend this action to include a remedy under *Bivens*. Furthermore, he has not named as respondents or defendants in this action any of the individuals whom he alleges participated in the confiscation of his legal materials. But even if the Court were to liberally construe this action as one seeking a *Bivens* remedy, Butler would be entitled to no relief. The Supreme Court has never extended *Bivens* to

---

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 US. 388 (1971).

include First Amendment claims, and lower courts have consistently rejected such an extension. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("we have declined to extend *Bivens* to a claim sounding in the First Amendment); *Akande v Philips*, 2018 WL 3425009, at *8 (W.D.N.Y. July 11, 2018) (collecting cases and noting that nationwide, district courts have been in agreement that a prisoner may not bring a First Amendment action under *Bivens*). Moreover, Butler has failed to state a claim for a denial of access to courts. Such a claim requires a prisoner to establish that the defendants prevented him from pursuing a non-frivolous legal claim. *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009). In other words, he must show an actual injury, specifically, that his inability to obtain the documents prevented him from raising a non-frivolous argument that would have changed in some way the outcome of his proceedings. Butler's vague allegations fail to meet this standard.

For these reasons, the undersigned recommends that Respondent's motion to dismiss be granted, that Butler's motion for injunctive relief be denied, and that this action be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R.

Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

 Respectfully submitted, this the 28th day of July, 2020..

                s/ F. Keith Ball_____
                United States Magistrate Judge