UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMILCAR C. BUTLER                                                PETITIONER

V.                                CIVIL ACTION NO. 3:18-CV-452-DPJ-FKB

WARDEN C. RIVERS                                         RESPONDENT

ORDER

Representing himself, prisoner plaintiff Amilcar C. Butler filed a petition for writ of mandamus under 28 U.S.C. § 1361, asking the Court to "compel the respondent to return all of his legal document's [sic] and supplies so he can be punctual in meeting his legal obligations with the U.S. Supreme Court and United State Court of Appeal for the Sixth Circuit." Pet. [1] at 3. Two motions are pending. First, Respondent filed a motion to dismiss, arguing that Butler's legal proceedings have concluded so his claims are moot. Second, Butler filed a motion for preliminary injunction protesting Respondent's requirement that he cover the expense of mailing his legal filings.

On July 28, 2020, United States Magistrate Judge F. Keith Ball issued a Report and Recommendation (R&R). Judge Ball found that Butler's legal proceedings have indeed concluded, which moots his petition and his request for injunctive relief. Judge Ball therefore recommended dismissing the petition and denying a preliminary injunction. R&R [46] at 1. But Judge Ball also noted that Butler's response to Respondent's motion to dismiss referenced a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 US. 388 (1971). *Id.* at 2. After observing that Butler never pleaded a *Bivens* claim, Judge Ball concluded that the claim was vaguely asserted and legally insufficient. *Id.* at 2–3.

Butler objects to these *Bivens* findings but otherwise concedes Judge Ball's recommendations. As Butler explains, his prison term is expected to end August 12, 2020, so his

"*Bivens* claim is [the] only applicable remedy now." Objs. [47] at 1. The Court therefore adopts the recommendation to dismiss Butler's petition and deny his motion for preliminary injunction.

Turning to *Bivens*, Butler never addresses his failure to include a *Bivens* claim in his petition, and he has never sought leave to amend. He focuses instead on the merits, arguing that Respondent violated his right to equal protection. *See* Objs. [47] at 2. According to Butler, prison officials failed to treat him like similarly situated inmates because his sentence had been commuted. Specifically, they failed to "utilize the grey storage binds" [sic] for Butler's "alleged excess legal property," and failed to "house[ him] at a Satellite Camp." *Id.*

Even assuming Butler's Objections should be liberally construed as a motion to amend, the motion would be denied as futile. To begin, it is not apparent which individual official is responsible for the alleged misconduct. And while Butler could probably cure that deficiency, he faces a bigger problem—his claim would extend *Bivens* to a new context. The Fifth Circuit recently explained why that is disfavored:

> As the Supreme Court recently reminded us, Bivens is the byproduct of an "*ancien regime*." *Ziglar v. Abbasi*, ⸻ U.S. ⸻, 137 S. Ct. 1843, 1855, 198 L. Ed. 2d 290 (2017) (quotation omitted). In 1971, the Court recognized an implied cause of action to sue federal officers for violating an arrestee's "rights of privacy" by "manacl[ing] petitioner in front of his wife and children," "threaten[ing] to arrest the entire family," and strip searching him. *Bivens*, 403 U.S. at 389–90, 91 S. Ct. 1999. In the next nine years, the Court recognized two more implied causes of action under Bivens: a Fifth Amendment equal protection claim for employment discrimination by a congressman, *see Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979), and an Eighth Amendment claim for inadequate medical care by federal jailers, *see Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980).

> Since 1980, however, "the Court has refused" every *Bivens* claim presented to it. *Abbasi*, 137 S. Ct. at 1857; *see also ibid.* (collecting cases). The Court has emphasized that *Bivens*, *Davis*, and *Carlson* remain good law. *See id.* at 1856–57. At the same time, "it is possible that the analysis in the Court's three *Bivens* cases might have been different if they were decided today." *Id.* at 1856. And it has admonished us to exercise "caution" in the "disfavored judicial activity" of extending *Bivens* to any new set of facts. *Id.* at 1857 (quotations omitted).

2

*Cantu v. Moody*, 933 F.3d 414, 421–22 (5th Cir. 2019), *cert. denied*, No. 19-1033, 2020 WL 3146702 (June 15, 2020). "So, before allowing [Butler] to sue under *Bivens*, we must ask two questions. First, do [his] claims fall into one of the three existing *Bivens* actions? Second, if not, should we recognize a new *Bivens* action here?" *Id.* at 422.

Butler's equal-protection claim falls outside the three existing *Bivens* actions. The only equal-protection claim recognized under *Bivens* occurred in *Davis*. There, a congressional employee filed an employment-discrimination case against a congressman for violating her Fifth Amendment due-process right to equal protection. 442 U.S. at 230–33. Here, Butler does not allege employment discrimination. Even if he did, that "still doesn't cut it" because Butler is not a congressional employee. *Cantu*, 933 F.3d at 422 (citing *Chappell v. Wallace*, 462 U.S. 296 (1983) (rejecting employment-discrimination claim under *Bivens* because plaintiff was military servicemember rather than congressional employee)). At bottom, Butler's "case is different in a meaningful way from previous *Bivens* cases." *Abbasi*, 137 S. Ct. at 1859.

The Court must therefore consider whether to "engage in the disfavored judicial activity of recognizing a new *Bivens* action." *Cantu*, 933 F.3d at 423 (citation omitted). "There are legion 'special factors' counseling [against] that result." *Id.* As just one example, Congress has not created a remedy for this claim despite knowing for decades that the Supreme Court has limited *Bivens*'s reach. *Id.* The Court will not extend *Bivens* to Butler's new context.[1]

---

[1] Even assuming *Bivens* covered Butler's claim, it is not yet apparent that Respondent violated his equal-protection rights. Butler does not assert discrimination based on membership in a recognized protected class, so his "equal-protection claim tracks the class-of-one theory." *Axcess Med. Clinic, Inc. v. Easterling*, No. 3:14-CV-112-DPJ-FKB, 2015 WL 5642975, at *5 (S.D. Miss. Sept. 24, 2015). To establish a class-of-one equal-protection claim, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562,

For these reasons, the Court adopts the R&R as the opinion of the Court.  Respondent's Motion to Dismiss [33] is granted; Butler's Motion for Preliminary Injunction [43] is denied; and this case is dismissed with prejudice to refiling.  A separate final judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 13th day of August, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

564 (2000).  Whether he can make that showing is not apparent, but the point is moot because *Bivens* does not extend to his claim.